**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| MICHELE ZANDER, | * |
| Plaintiff, | * |
| v. | * Civil Action No. AW-09-2649 |
| UNITED STATES OF AMERICA, | * |
| Defendant. | * |

*******************************************************************************

**MEMORANDUM OPINION**

Pending before the Court is Defendant United States of America's Motion to Dismiss. (Doc. No. 13). The court has reviewed the entire record, as well as the pleadings and exhibits, with respect to the instant Motion. The issues have been fully briefed and no hearing is deemed necessary. *See* LOC. R. 105(6) (D. Md. 2010). For the reasons stated more fully below, the Court **DENIES** Defendant's Motion to Dismiss. (Doc. Nos. 13).

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The instant case arises from a series of events leading to the Plaintiff Michele Zander's permanent paralysis from the waist down. In August 1997, Plaintiff began to experience pain in her lower back and numbness in her legs. She sought treatment at the Family Practice Clinic at Maxwell Air Force Base in Alabama but found no relief for her symptoms after being referred to physical therapy. Plaintiff continued to have chronic weakness and pain. She returned to the Maxwell AFB clinic and was prescribed pain medication, to no avail. Her X-rays were negative and no other explanation for her symptoms was determined. Plaintiff requested a referral and was referred to an orthopedist at Maxwell AFB.

1

In September 1997, Plaintiff had a MRI of her upper body. The study demonstrated a defect known as an arteriovenous malformation ("AVM") in her spine. Plaintiff alleges that she was not made aware of the AVM in her spine, nor was she provided treatment for it. Plaintiff avers that she was not told that she had this condition and was not advised to limit her activities, to seek further consultation, to undergo any surgery, or to take any other action. The only information provided to Plaintiff by the physician at Maxwell AFB was that she had two bulges in her back but no herniated disc. The physician told her it was normal to experience back pain at times. No notation of the AVM was made at this time in Plaintiff's records, Plaintiff alleges.

During the next three years, Plaintiff continued to be seen at the family practice clinic at Maxwell AFB for her chronic pain. She was continually advised by her healthcare providers at Maxwell AFB that there was no major problem. As a result, Plaintiff continued her active lifestyle unaware of any potential problems. By 2002, Plaintiff had moved with her husband to the Washington, D.C. area, and her care was assumed by the clinics at National Naval Medical Center (NNMC) in Bethesda, Maryland. It was in the last week of November 2002 that the events culminating in Plaintiff's injury took place.

On November 24, 2002, after using a leaf vacuum for several hours, Plaintiff began to experience back and leg pain and numbness. By November 26, 2002 the symptoms became worse. The next morning on November 27, Plaintiff went to the emergency room at NNMC, where she was given an injection to temporarily relieve the pain and was also given oral pain medication. On November 29, 2002, Plaintiff went back to the clinic at NNMC where she was prescribed more pain medication and was then sent home with instruction to return for an MRI if the numbness increased. At around 5:30 Plaintiff and her husband returned to the emergency room at NNMC. After attempts to send her home, Plaintiff prevailed upon medical personnel for

an additional opinion and an MRI. On November 30, 2002, Plaintiff was admitted to the hospital at NNMC.

At approximately 2:00 a.m., an MRI was carried out. The earlier MRI that was conducted in 1997 at Maxwell AFB was reviewed and the presence of the AVM was noted on that earlier study. By this time, Plaintiff was experiencing numbness in her posterior, and difficulty with urination and bowel movements. On November 30, 2002 Plaintiff underwent a procedure known as an angiogram with embolization of the spinal cord AVM. At Approximately 10:30pm on November 30, 2002, Plaintiff experienced the onset of weakness in her lower body. Though the Physician returned to NNMC to carry out additional procedures on Plaintiff Mrs. Zander, by this point her lower body was becoming paralyzed due to injury to her spinal cord.

Pursuant to the Federal Tort Claims Act (FTCA), Plaintiff filed an administrative tort claim with the Navy and the Air force on November 23, 2004 and November 30, 2004, respectfully. Both claims were filed within two years of Plaintiff's injury and alleged negligence in the diagnosis, evaluation and treatment of her AVM, leading to her paralysis and related injuries. Plaintiff's FTCA claims were subsequently administratively denied by both the Air Force and the Navy on April 8, 2009. Plaintiff filed her complaint against the United States on October 8, 2009, almost seven years after the date of her injury. Defendant moves to dismiss this claim on the grounds that the claim was filed outside of Maryland's statute of repose.

## II. STANDARD OF REVIEW

For a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may contend "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.

1982). In this situation, "the facts alleged in the complaint are assumed to true and the plaintiff, in effect, is afforded the same procedural protection he would receive under Rule 12(b)(6) consideration." *Id.* The complaint must consist of "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1954 (2009).

### III. ANALYSIS

**A. The Pending Motion to Dismiss for Lack of Subject Matter Jurisdiction**

The FTCA is the only vehicle by which a Plaintiff may recover from the United States for certain torts committed by federal employees within the scope of their employment. However, pursuant to the FTCA, the United States may only be held liable to the same extent and manner as private individual would be held in the same position. Therefore, the FTCA provides a limited waiver of immunity. 28 U.S.C. § 2674.

The FTCA looks to the "law of the place where the act or omission occurred," in order to assess the United States tort liability. 28 U.S.C. § 1346(b). Maryland, using lex loci delicti, requires that the substantive rights of a party be determined according to the law of the state where the injury occurred. *Hauch v. Connor*, 453 A.2d 1207 (Md. 1983). The Fourth Circuit has held that the "the place of injury is the place where the injury was suffered, not where the wrongful act took place." *Johnson v. Oroweat Foods, Inc.*, 785 F.2d 503, 511 (4th Cir. 1986).

Defendant United States argues that Plaintiff must not only meet the requirements and statutes of limitations set by the FTCA in order to have subject matter jurisdiction, but that she must also comply with the substantive laws of Maryland when filing a medical malpractice

4

claim, which she failed to do. *See* Doc. No. 13-1 at 13-14. As Plaintiff Michele Zander began to experience paralysis at NNMC in Bethesda, Maryland, the Court must look to the substantive law of Maryland for filing malpractice claims, detailed in MD. CODE ANN., CTS. & JUD. PROC. § 5-109(a)(1). § 5-109(a)(1) states that "[An] action for damages for injury arising out of the rendering of or failure to render professional services by a health care provider…shall be filed within the earlier of [five years of the time the injury was committed]." Defendant points this Court to *Anderson v. United States*, in which the court recently held that § 5-109(a)(1) is a statue of repose, making it a substantive, not procedural law. No. 08-3, 2010 WL 1346409 (D. Md. Mar. 30, 2010). Therefore, this provision must be taken into account when assessing the potential liability of the United States, in accordance to the FTCA. 28 U.S.C. § 1346(b), Defendant asserts. Defendant alleges that if the United States is liable to the same extent as a private actor as required by the FTCA, they would be immune from suit five years after the plaintiff suffered her injury, because the five-year statute of repose provides a substantive right to a defendant to be free from liability. *See Anderson*, 2010 WL 1346409, at *3-4.

As Plaintiff failed to file this suit within five years from the date of the injury, pursuant to the Maryland statute of repose, Defendant moves to dismiss the instant complaint for lack of subject matter jurisdiction. The Court will evaluate these arguments herein.

### 1. "Deemed Denied" Provision of FTCA

The FTCA sets out certain provisions that plaintiffs must follow or be forever barred from issuing a complaint. As mentioned in the Defendant's Motion to Dismiss, "A plaintiff may file a negligence action against the United States six months after she files an administrative tort claim, if the Agency has not made final disposition of the claim within that six month period." *See* Doc. No. 13-1 at 12. If the plaintiff does not hear back from the administrative agency

within six months of filing her claim, this silence is "deemed a final denial of the claim" and the Plaintiff is free to exercise the option to go forth and file suit against the United States in federal court. 28 U.S.C. § 2675(a). Defendant alleges that when Plaintiff did not hear a response from the administrative agency within six months from the date that she filed her claim, she was free to file suit against the defendant. The Court agrees with this contention.

Plaintiff aptly asserts that this claim can be filed at *any time* after the claim is deemed denied as a result of the administrative agency's failure to take any action on the claim.[1] In *Parker v. United States*, the Court held that Section 2675(a) of the FTCA allowed the Plaintiff to institute his suit "at any time" against the United States after the Department of Agriculture failed to notify the plaintiff of a final denial of his claim. 936 F.2d 176, 178 (9th Cir. 1991). *See McCallister v. United States by United States Dept. of Agriculture*, 925 F.2d 841, 843 (5th Cir.1991) (holding that after six months from filing, the agency has not finally ruled, the claimant may treat the agency's failure to act as a final denial and he may file his suit at any time thereafter; *see also Taumby v. United States,* 919 F.2d 69, 70, *vacating* 902 F.2d 1362 (8th Cir.1990) (holding, "there is no time limit for the filing of an FTCA action when an administrative claim is deemed to be denied under 28 U.S.C. § 2675(a) (1988) by virtue of an agency's failure to finally dispose of the claim within six months.")). While the Court is aware that the "deemed denied" provision of the FTCA potentially gives a plaintiff an infinite amount of time to file a suit against the Government, a strict construction of the statute leads to this result. Therefore, the Court will now turn to the issue of whether Maryland's five year statute of repose bars the plaintiff from bringing this claim.

### b. Maryland's Statute of Repose

---

[1] The Court highlights that this lack of a limitations period to file a claim only applies when the administrative agency has failed to act on the claim within six months of the date that the claimant filed the claim.

The Government asserts that the plaintiff is barred from suit under the substantive Maryland statute of repose because she did not bring this claim within five years from the date of her injury. The plaintiff does not dispute that she filed this claim on October 8, 2009, more than five years after the date her injury was committed. (Doc. No. 17, at 8). As previously mentioned, Defendant points to *Anderson v. United States*, No. 08-3, 2010 WL 1346409 (D. Md. Mar. 30, 2010) for the proposition that Maryland's statute of repose is not a procedural statute of limitations but a substantive right to be free from suit. While the *Anderson* court found that Maryland's statute of repose provided a substantive right which governed the time by which the Plaintiff was required to file his claim, the Court notes that the *Anderson* court was not presented with the question of whether the statute of limitations in the FTCA preempted Maryland's statute of repose. Plaintiff has presented this question to the Court.

While the Court recognizes that this district has characterized Maryland's statute of repose as one of substantive law, for the purpose of preemption, the fact that Maryland's statute of repose is substantive is immaterial. In *Stonehedge/Fasa Texas JDC v. Miller*, the Court held, "preemption does not turn on whether the state statute is 'procedural' or 'substantive.' Preemption is a question of congressional intent, and in the case of conflict preemption presented here, depends on whether there is a direct conflict between the federal and state law or the state law interferes with the regulatory scheme established by Congress." No. 96-10037, 1997 WL 119899, at *2 (5th Cir. Mar. 10, 1997). Likewise, in *Wyatt v. Syrian Arab Republic*, 398 F.Supp.2d 131, 143 (D.D.C. 2005), the Court held that the two year limitations period in the FTCA "is a substantive part of the United States' waiver of immunity which preempts any applicable state limitations period." (citing *United States v. Kubrick,* 444 U.S. 111, 117 (1979) which described the FTCA's statute of limitations as "a condition of that waiver"). Rejecting the

7

argument that a statute of repose was a substantive law of a state that should trump the statute of limitations provided by a federal statute, the Court in *A.S.I., Inc. v. Sanders*, 835 F. Supp. 1349, 1358 (D. Kan. 1993) asserted,

> There is no suggestion in any of the reported cases that the mere fact that a statute of repose might be deemed "substantive" law in a certain context immunizes the statute from preemption under CERCLA. To the contrary, these cases all resolve the issue by determining the separate issue of whether the action could be properly brought under CERCLA. The cases treat state statutes of limitations and statutes of repose identically. There are no cases holding that § 9658 has no preemptive effect in cases of "substantive" statutes of repose

Therefore, notwithstanding the fact that Maryland's statute of repose constitutes a substantive law, the *Sanders* court treated substantive statutes of repose nearly identically to statutes of limitations, holding that statutes of limitations presented in federal statutes preempt state statutes of repose, despite the substantive nature of statutes of repose. *See Holland v. Kitchekan Fuel Corp*. 137 F.Supp. 2d 681, 685 (S.D.W.Va. 2001) (holding that the Coal Industry Retiree Health Benefit Act preempted West Virginia statute of repose which required suits against dissolved corporations to be commenced within two years of dissolution). The Fourth Circuit has not yet squarely addressed the issue of preemption. The Court in *First United Methodist Church of Hyattsville v. U.S. Gypsum Co.* found the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) did not preempt Maryland's statute of repose when applied to private asbestos removal actions. 882 F.2d 862 (4th Cir. 1989). However, the *First United Methodist* court indicated that its holding was "limited to the facts at hand, that is to claims for the cost of removing asbestos from the structure of a building, that was installed as part of that structure, and that creates a hazard only within that building." *Id.* at 867. The Court went on to state that it "express[ed] no opinion as to the validity under CERCLA of any other genre of asbestos actions." *Id.*

The case at bar presents a novel issue as a result of the "deemed denied" provision in the FTCA. This provision essentially allows the Plaintiff to bring a claim at any time if he does not receive a response to his claim within six months after filing the claim with the appropriate administrative agency. The Court assumes that in most cases, an administrative agency will respond to a claimant's claim long before the state's statute of repose has run, making a case such as the one at bar a rare one to encounter. In other words, it is rare that the FTCA statute of limitations will conflict with Maryland's statute of repose, for it is possible to comply with both. However, when a case is deemed denied because of administrative inaction, the allowance for a plaintiff to file his case at "any time" presents a potential conflict with a state's statute of repose. This is the situation at bar. The Plaintiff was injured on November 30, 2002[2]; her administrative claims were filed with the Navy and the Air Force on November 23, 2004 and November 30, 2004, respectively. Plaintiff did not receive an administrative denial for her claim until April 8, 2009. Plaintiff subsequently filed this suit on October 8, 2009. Under Maryland's statute of repose, Plaintiff's was required to file her suit by November 30, 2007.

The FTCA's statute of limitations, however, allows the plaintiff to file his claim at any time if the administrative agency fails to act on the claim within six months of filing the claim, while the Maryland statute of repose extinguishes the plaintiff's claim in this case, presenting a clear conflict. Defendant argues that, had Plaintiff chosen to exercise this option of going forward after the failure of the agency to make a final deposition of her claim within six months, she would have been able to comply with the substantive law of Maryland, giving her more than two years to bring suit against the United States in Federal District Court before the five year statute of repose for medical malpractice had run. *See* Doc No. 20 at 3-4. While we agree that

---

[2] *See* Doc. No. 17, at 8.

had Plaintiff chosen to file her claim within six months of receiving the administrative denial, she would have been in compliance with the Maryland statute of repose, we disagree with the Defendant that the statute of repose extinguishes Plaintiff's claim. Therefore, finding that the FTCA statute of limitations preempts Maryland's statute of repose, the Court accordingly finds that the Plaintiff can file a claim at any time after failing to receive a response within six months from the administrative agency with which she filed her claim.[3] As such, the Plaintiff's case was timely filed, and the Defendant's Motion to Dismiss is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss. A separate Order will follow.

Date: February 2, 2011             /s/_____
                                                                                                             Alexander Williams, Jr.
                                                                                         United States District Court

---

[3] In *Taumby v. U.S.*, 919 F. 2d 69, 70 (8th Cir. 1990), the Court acknowledged the Government's concession that there was no time limit for the filing of an FTCA after a claim had been deemed denied because of the administrative agency's failure to address the claim within six months. The Court mentioned the Government's intention to "seek legislative modification of the statute" if the lack of a statutory time limitation for bringing suits under the statute presented a serious problem. *Id.* at 70. After reviewing the statute, this Court finds that no legislative modification has been made to this statute which changes the limitations period to bring a claim after the claim has been "deemed denied." This Court finds that the "deemed denied" provision of the FTCA leaves a gaping hole in the statute, allowing Plaintiffs to bring claims several years after the injury alleged occurred if an administrative body fails to act on their claim within six months. However, the Court does note that if an agency does act on a claim within six months of filing the claim with the administrative agency, the claimant has six months to file his claim in federal court. However, the established law which holds that "the claimant may treat the agency's failure to act as a final denial and he may file his suit any time thereafter," *McCallister*, 925 F.2d at 843, leaves a gap in the statute which fails to limit the amount of time a claimant has to file a claim after the constructive denial of his claim.